IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAMES L. ROGERS, JR., SHEILA E. PRYOR, and TIFFANY L. ROGERS | § § § § |
| v. | §  Civil Action No. _____ § |
| SHELDON HANLEY and STAND-BY TRUCKING INC. | § § § |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, JAMES L. ROGERS, JR., SHEILA E. PRYOR, AND TIFFANY L. ROGERS, file this their Original Complaint, complaining of and against Defendants SHELDON HANLEY and STAND-BY TRUCKING, INC., and, in support thereof, Plaintiffs would respectfully show this Honorable Court as follows:

### I. JURISDICTION AND VENUE

1.1    The Court has subject matter jurisdiction over this proceeding and the claims asserted herein pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

1.2    The Court has personal jurisdiction over the Defendants to this action because the Defendants to this action have sufficient contacts with the State of Texas to as amenable to suit in Texas in connection with this incident. Specifically, this action is brought by Plaintiff, James L. Rogers, Jr., a resident of the State of Illinois and Plaintiffs Sheila E. Pryor, and Tiffany L. Rogers, residents of the State of Illinois, against Defendants, Sheldon Hanley, a resident of the State of Arkansas, Stand-By Trucking, Inc., an entity formed under the laws of the State of Arkansas, with

its principal place of business located in Arkansas, and with all partners being entities with principal places of business in the State of Arkansas.

  1.3 The Court has personal jurisdiction over Defendants Sheldon Hanley and Stand-By Trucking, Inc., because Defendants' acts and/or omissions, as complained of herein, gave rise to the causes of action asserted herein and the injuries of the Plaintiffs, which occurred in the State of Texas. As such, Defendants have sufficient specific contacts with the State of Texas in order to confer personal jurisdiction over Defendants in this case. Moreover, Defendants are engaged in interstate commerce and regularly and frequently conducts business in the State of Texas, such that Defendants have such continuous and systematic contacts with the State of Texas as to confer general personal jurisdiction over Defendants in the State of Texas, in conformity with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

  1.4 Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because substantial part of the events or omissions giving rise to the claim occurred, in this judicial district.

## II.  PARTIES

  2.1 Plaintiff, James L. Rogers, Jr., an individual, is a citizen of the State of Illinois, residing in Carbondale, Jackson County, Illinois.

  2.2 Plaintiff, Sheila E. Pryor, an individual, is a citizen of the State of Illinois, residing in Carbondale, Jackson County, Illinois.

  2.3 Plaintiff, Tiffany L. Rogers, an individual, is a citizen of the State of Illinois, residing in Murphysboro, Jackson County, Illinois.

  2.4 Defendant Sheldon Hanley ("Hanley"), an individual, is a citizen of the State of Arkansas and may be served with process at 173A Ouachita 165, Camden, Arkansas 71701 or wherever he may be found.

2.5     Defendant Stand-By Trucking, Inc. ("Stand-By Trucking") is a domestic business corporation. Defendant Stand-By Trucking, Inc.'s principal place of business is at Magnolia, Arkansas. Defendant Stand-By can be served with summons by serving its registered agent for service, Anthony Bryant, 43 Jessie Street, Magnolia, Arkansas 71753.

### III. AGENCY / RESPONDEAT SUPERIOR

3.1     Whenever it is alleged in this Petition that Defendant Stand-By Trucking, Inc. did any act or thing, it is meant that Stand-By Trucking, Inc.'s servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to Sheldon Hanley, did such act or thing, and at the time such act or thing was done it was done with Stand-By Trucking, Inc.'s authorization or was done in the normal routine course of the agency of or employment with Stand-By Trucking, Inc.

### IV. FACTS

4.1     On March 4, 2020, Plaintiffs Sheila Pryor and Tiffany Rogers were passengers in a vehicle driven by Plaintiff James L. Rogers, Jr., driving on U.S. Highway 59 in Polk County, Texas.

4.2     At the same time, Defendant Sheldon Hanley was driving a 2006 Freightliner tractor-trailer behind Plaintiffs on US Highway 59.

4.3     Plaintiffs stopped due to a crash that had just occurred ahead of them.

4.4     Defendant Hanley failed to maintain a proper lookout, failed to maintain an assured clear distance, and/or failed to maintain a safe speed.

4.5     Defendant Hanley struck Plaintiffs.

4.6     At the time of the collision, Defendant Hanley was an employee of Defendant Stand-By Trucking, Inc. (hereby "Stand-By Trucking")

4.7     At the time of the collision, Defendant Hanley was driving a Freightliner tractor-trailer owned by Defendant Stand-By Trucking.

4.8     As a proximate result of the collision, and Defendants' negligent and grossly negligent acts and/or omissions, as complained of more fully herein. Plaintiffs suffered personal injury.

## V. CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE OF DEFENDANT SHELDON HANLEY

5.1     The occurrence made the basis of this lawsuit and the resulting injuries to Plaintiffs were proximately caused by Defendant Hanley's negligent and negligent *per se* acts and/or omissions, each of which is imputed to Defendant Stand-By Trucking, including, but not limited to, one or more of the following: to:

a. Failing to control his speed in violation of Texas Transportation Code § 545.351(b)(1)-(2);

b. Failing to apply his brakes properly and timely as a reasonably prudent professional truck driver would have under the same or similar circumstances;

c. Failing to keep such lookout as a reasonably prudent professional truck driver would have under the same or similar circumstances;

d. Failing to take such evasive action as a reasonably prudent professional truck driver would have done to avoid the collision, thereby violating Texas Transportation Code § 545.401(a);

e. Failure to pay the degree of attention to the vehicles in front of him as a person of ordinary prudence would have used under the same or similar circumstances;

f. Driving the tractor-trailer without regard for the safety and welfare of other persons or property;

g. Driving the tractor-trailer recklessly with willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401;

h. Failing to drive defensively as a professional truck driver using ordinary prudence would have under the same or similar circumstances;

      i. Failing to operate the tractor-trailer in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, thereby violating 49 C.F.R. § 392.2;

      j. Failing to comply with the Federal Motor Carrier Safety Regulations; and

      k. Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se.*

5.2    Each and all of the acts and/or omissions of Defendant's employee, Mr. Hanley, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiffs injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## COUNT 2 – LIABILITY OF DEFENDANT STAND-BY TRUCKING, INC.

5.3    At all relevant times, Defendant Hanley was an employee of Defendant Stand-By Trucking, Inc., and was in the course and scope of his employment at the time of the collision. The negligence, as laid out above, of Defendant Hanley is therefore imputed to Defendant Stand-By Trucking, Inc. The negligence of Defendant Stand-By Trucking, Inc., both directly and vicariously, proximately caused the collision in question pursuant to the legal doctrine of *respondeat superior*.

5.4    In the alternative, Defendant Stand-By Trucking is responsible for the negligent acts and/or omissions of Defendant Hanley because at the time and place in question, Mr. Hanley was operating a commercial vehicle in interstate commerce and he, as well as Defendant Stand-By Trucking were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 376.12(c)(1). Accordingly, at all relevant times hereto, Mr. Hanley was a statutory employee of Defendant Stand-By Trucking and Plaintiffs were members of the class of persons that the Federal Motor Carrier Safety Administration designed 49 C.F.R. § 376.12(c)(1) to protect.

### COUNT 2 – NEGLIGENT TRAINING BY DEFENDANT STAND-BY TRUCKING, INC.

5.5     Plaintiffs allege herein that Defendant Stand-By Trucking was negligent in the hiring of Sheldon Hanley, in that Defendant Stand-By Trucking knew, or in the exercise of reasonable care should have known, that Defendant Hanley was unfit or unqualified for a position that would require him to safely operate motor vehicles.

5.6     The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.  Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### COUNT 3 – NEGLIGENT HIRING BY DEFENDANT STAND-BY TRUCKING, INC.

5.7     Plaintiffs allege herein that Defendant Stand-By Trucking was negligent in the training of its employee, Sheldon Hanley, in the following particulars:

  a. Defendant Stand-By Trucking knew, or in the exercise of reasonable care should have known, that its employee, Sheldon Hanley, was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles;

  b. Defendant Stand-By Trucking failed to properly train and/or instruct its employee, Sheldon Hanley, for the job he was to perform and for the safe operation of a commercial motor vehicle; and

  c. Defendant Stand-By Trucking failed to instruct or train its employee, Sheldon Hanley, concerning the commercial motor vehicle and allowed its employee to drive a commercial motor vehicle when it knew or should have known that the employee was not capable of or qualified in operating the vehicle safely and prudently.

5.8     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.  Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### COUNT 4 – NEGLIGENT SUPERVISION BY DEFENDANT STAND-BY TRUCKING

5.9  Plaintiffs allege herein that Defendant Stand-By Trucking was negligent in the supervision of its employee, Sheldon Hanley, in the following particulars:

a. Defendant Stand-By Trucking knew or in the exercise of reasonable care, should have known, that its employee, Sheldon Hanley, was unfit or unqualified for a position in which he was required to safely operate a commercial motor vehicle;

b. Defendant Stand-By Trucking failed to supervise its employee, Sheldon Hanley, for the job that he was to perform; and

c. Defendant Stand-By Trucking failed to supervise its employee, Sheldon Hanley, on the date of the incident in question, and allowed or failed to prevent Sheldon Hanley from operating a commercial motor vehicle in an unsafe manner on Defendant Stand-By Trucking's behalf, for its benefit, and for its monetary profit.

5.10  Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### COUNT 5 – NEGLIGENT RETENTION BY DEFENDANT STAND-BY TRUCKING

5.11  Plaintiffs allege herein that Defendant Stand-By Trucking was negligent in the retention of its employee, Sheldon Hanley, in that Defendant Stand-By Trucking knew or in the exercise of reasonable care should have known, that Mr. Hanley was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Despite this actual or constructive knowledge, Defendant Stand-By Trucking negligently retained Mr. Hanley from the date on which he was hired until and including the date of the incident in question. During that time, Defendant Stand-By Trucking allowed Mr. Hanley to operate or failed to prevent Mr. Hanley from operating in an unsafe manner a tractor/trailer on Defendant Stand-By Trucking's behalf, for Defendant Stand-By Trucking's benefit, and for Defendant Stand-By Trucking's monetary profit.

5.12   Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### COUNT 6 – GROSS NEGLIGENCE

5.13   Defendants' negligence/negligence *per se*, as alleged herein, is of such character as to make said Defendants liable for gross negligence. The conduct of said Defendants was in heedless and reckless disregard of the rights of Plaintiffs, and involved such an entire want of care as to indicate that it was a result of conscious indifference to the rights, welfare and safety of Plaintiffs. Moreover, such conduct, when viewed objectively from said Defendants' standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Plaintiffs seeks exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

### VI.   PLAINTIFF JAMES L. ROGERS, JR'S DAMAGES

6.1   As a direct and proximate result of the negligent/negligent *per se* conduct of the Defendant and the subject incident, Plaintiff James L. Rogers, Jr., sustained serious personal injuries. As a result of these injuries, he has suffered the following damages:

    a. Reasonable and necessary medical expenses in the past;

    b. Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff James L. Rogers, Jr. will incur in the future;

    c. Physical pain in the past;

    d. Physical pain that, in reasonable probability, Plaintiff James L. Rogers, Jr. will sustain in the future;

    e. Mental anguish in the past;

    f. Mental anguish that, in reasonable probability, Plaintiff James L. Rogers, Jr. will sustain in the future;

    g. Physical impairment in the past;

    h. Physical impairment that, in reasonable probability, Plaintiff James L. Rogers, Jr. will sustain in the future;

    i. Disfigurement in the past; and

    j. Disfigurement that, in reasonable probability, Plaintiff James L. Rogers, Jr. will sustain in the future.

## VII. PLAINTIFF SHEILA PRYOR'S DAMAGES

7.1    As a direct and proximate result of the negligent/negligent *per se* conduct of the Defendant and the subject incident, Plaintiff Sheila Pryor sustained serious personal injuries. As a result of these injuries, she has suffered the following damages:

    a. Reasonable and necessary medical expenses in the past;

    b. Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff Sheila Pryor, will incur in the future;

    c. Physical pain in the past;

    d. Physical pain that, in reasonable probability, Plaintiff Sheila Pryor will sustain in the future;

    e. Mental anguish in the past;

    f. Mental anguish that, in reasonable probability, Plaintiff Sheila Pryor will sustain in the future;

    g. Physical impairment in the past;

    h. Physical impairment that, in reasonable probability, Plaintiff Sheila Pryor will sustain in the future;

    i. Disfigurement in the past; and

    j. Disfigurement that, in reasonable probability, Plaintiff Sheila Pryor will sustain in the future.

## VIII. PLAINTIFF TIFFANY ROGERS' DAMAGES

8.1 As a direct and proximate result of the negligent/negligent *per se* conduct of the Defendant and the subject incident, Plaintiff Tiffany Rogers sustained serious personal injuries. As a result of these injuries, she has suffered the following damages:

a. Reasonable and necessary medical expenses in the past;

b. Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff Tiffany Rogers, will incur in the future;

c. Physical pain in the past;

d. Physical pain that, in reasonable probability, Plaintiff Tiffany Rogers will sustain in the future;

e. Mental anguish in the past;

f. Mental anguish that, in reasonable probability, Plaintiff Tiffany Rogers will sustain in the future;

g. Physical impairment in the past;

h. Physical impairment that, in reasonable probability, Plaintiff Tiffany Rogers will sustain in the future;

i. Disfigurement in the past; and

j. Disfigurement that, in reasonable probability, Plaintiff Tiffany Rogers will sustain in the future.

8.2 Further, Plaintiff Tiffany Rogers has suffered property damage resulting from the wreck in question, including fair market value of her vehicle, repair costs, diminished value, loss of use, and out of pocket expenses.

## IX. PRAYER

9.1 WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Honorable Court award Plaintiffs the following relief:

a. The entry of judgment in favor of Plaintiffs against Defendant(s) for actual and exemplary damages, plus interest and costs;

b. Exemplary damages;

c. Reasonable fees and costs;

d. Any and all other and further relief to which Plaintiffs may be entitled, and as the Court deems just and appropriate, including prejudgment and post-judgment interest.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES

*/s/ David R. Hagan*
DAVID R. HAGAN
State Bar No. 24099170
dhagan@sloanfirm.com
MICAH L. SATTERWHITE
State Bar No. 24102463
msatterwhite@sloanfirm.com
101 East Whaley Street
P.O. Drawer 2909
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF